**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1294**

---

MARGUERITE S. BOCK; L. DOUGLAS MANNING,

                              Plaintiffs - Appellants,

        versus

GARY M. GAVENUS; CATHERINE HEMPHILL; HEMPHILL
& GAVENUS, Attorneys at Law,

                              Defendants - Appellees.

---

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge. (CA-03-272)

---

Submitted:  July 30, 2004          Decided:  August 24, 2004

---

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Marguerite S. Bock, L. Douglas Manning, Appellants Pro Se.  Ervin
L. Ball, Jr., BALL, BARDEN & BELL, PA, Asheville, North Carolina,
for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Marguerite S. Bock and L. Douglas Manning ("Appellants") appeal the district court's orders dismissing their civil actions and denying various post-judgment motions following the court's dismissal of two consolidated complaints. Both complaints arose out of a state court action initiated against Appellants by Karl and Bettina Pond ("the Ponds"), seeking monetary damages on account of a claim for which Bock had received a discharge in a Chapter 7 bankruptcy proceeding. The Ponds' counsel in this proceeding was Gary M. Gavenus. In light of Bock's discharge, the action was improper as to her under § 524 of the United States Bankruptcy Code. Judgment was subsequently entered against Manning. Bock's bankruptcy proceeding was ultimately reopened, and the bankruptcy court found Gavenus and the Ponds in violation of § 524. The Ponds were found in civil contempt. Bock was awarded attorney's fees, and compensatory and punitive damages. Finding Gavenus' actions especially egregious, the bankruptcy court also forwarded its order to the appropriate state bar.

Thereafter, Appellants filed a complaint against Gavenus, his law partner, Catherine Hemphill, and their law firm, Hemphill & Gavenus ("H&G"). They also filed a complaint against Kent Lively, Appellants' attorney in the state court action, alleging malpractice. The complaints were consolidated, and both were summarily dismissed with prejudice. The district court cautioned

Appellants against filing further pleadings that did not state facts upon which relief could be granted.

Appellants then filed various motions with the district court, including a properly filed Fed. R. Civ. P. 59(e) motion, that were dismissed as frivolous. The court further imposed a pre-filing review system, under which all subsequent pleadings filed by Appellants would be forwarded to the court for substantive review. Appellants timely appealed both orders to this Court.

Appellants raise the following arguments on appeal: (1) the district court abused its discretion by imposing the pre-filing injunction; (2) the district court abused its discretion by summarily dismissing the two actions with prejudice, thereby violating their Seventh Amendment right to a jury trial; (3) the district court abused its discretion by consolidating the two cases; (4) the district court abused its discretion by finding Bock's claims against Gavenus were barred by res judicata; (5) because the state court lacked subject matter jurisdiction over Bock, the resulting judgment against Manning is null and void; and (6) Hemphill and H&G should have been included as parties. We find these arguments are without merit and affirm the district court's orders. See Bock v. Gevenus, No. CA-03-272 (W.D.N.C. Jan. 23 & Feb. 24, 2004). We deny Appellants' motion to supplement the record on appeal. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED